FILED

DEC 16 2024

U.S. DISTRICT COURT- WVND
MARTINSBURG, WV 25401

**United States Department of Justice**

*William Ihlenfeld*
*United States Attorney*
*United States Attorney's Office*
*Northern District of West Virginia*

Frederick P. Stamp, Jr.
Federal Building and United States Courthouse
1125 Chapline Street
Suite 3000
Wheeling, WV 26003
Phone: (304) 234-0100
FAX: (304) 234-0111

November 5, 2024

Barry P. Beck, Esq.
Power Beck & Matzureff
308 W. Burke Street
Martinsburg, WV 25401
*VIA E-MAIL DELIVERY*

Re: United States v. Chukwuemeka OKOROCHA, 3:24-CR-22

Dear Mr. Beck:

This will confirm conversations with you concerning your client, Chukwuemeka Okorocha (hereinafter referred to as "Defendant" or "Mr. Okorocha"). All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

It is agreed between the United States and your client as follows:

1. Defendant will plead guilty to Count Six of the Indictment, charging him with Wire Fraud, in violation of Title 18, United States Code, Section 1343.

2. The maximum penalty to which Defendant will be exposed by virtue of his plea of guilty to Count Six of the Indictment is: imprisonment of 20 years, a fine of $250,000, and a term of three years of supervised release. It is further understood by Defendant that there is a special mandatory assessment of $100.00 (18 U.S.C. § 3013) per felony conviction which must be paid within 40 days following entry of her plea by money order or certified check to the United States District Court. It is also understood that Defendant may be required by the Court to pay the costs of his incarceration, supervision, and probation.

Chukwuemeka Okorocha, Defendant — Date: 11/15/2024

Barry P. Beck, Esq., Counsel for Defendant — Date: 11-15-24

3. Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that the base offense level is **Base Offense Level 7** pursuant to Section 2B1.1(a)(1).

In addition, the parties hereby stipulate and agree that a **12-level increase** in the offense level is applicable pursuant to Section 2B1.1(b)(1)(G) because the intended loss is more than $250,000 but not more than $550,000, specifically approximately **$332,904.37**.

The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulations and is not required to accept the same. Defendant understands and agrees that should the Court not accept the above stipulations, Defendant will not have the right to withdraw his plea of guilty.

4. Mr. Okorocha agrees to make restitution, pursuant to Title 18, United States Code, Section 3663(a)(3), in the total amount of **$29,440.58** to Keaton, Frazer & Milleson, PLLC, which represents the total of the defendant's fraudulent conduct involved in the offense of conviction and the relevant conduct thereof.

In aid of restitution, Defendant further agrees as follows.

a. Defendant agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

b. Defendant will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven (7) calendar days from the date of the signing of this plea agreement.

c. Defendant agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

d. Defendant agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

e. Defendant agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount set forth in this plea agreement. However, nothing in this provision is intended to preclude the Court

| | |
|---|---|
| Chukwuemeka Okorocha, Defendant | 11/15/2024<br>Date |
| Barry P. Beck, Esq., Counsel for Defendant | 11-15-24<br>Date |

from ordering Defendant to pay a greater or lesser sum of restitution in accordance with law.

5. In support of the Guidelines stipulations in Paragraph 3, the restitution amount in Paragraph 4, and as the factual basis for the guilty plea, the parties hereby stipulate and agree to the following facts.

On March 25, 2022, the Michelle Graham opened a business checking account at M&T Bank in the name of her business, Mogul Style Plug, LLC.

On April 29, 2022, the subject M&T Bank account received a wire of $332,904.37 from Keaton, Frazer & Milleson, PLLC, a law firm in Romney, Hampshire County, West Virginia. This wire traveled in interstate commerce to effectuate the credit to the M&T Bank account, specifically it originated in or around Hampshire County, West Virginia, and traveled to a location outside the State of West Virginia. The defendant conspired with another person to cause this wire.

The defendant knew that he was not entitled to the wired funds. Nevertheless, the defendant and Michelle Graham expended approximately $29,440.58 of the funds before M&T Bank froze and caused the return of the remainder on May 13, 2022. The fraudulent expenditures include cash withdrawals, purchases of Western Union money orders, and purchases of luxury items, including a Louis Vuitton handbag.

6. Mr. Okorocha waives any right to have sentencing determinations made by a jury and for a jury determination of any and all facts relevant to the application of the United States Sentencing Guidelines provisions and consents to the application of the Guidelines, in conformity with United States v. Booker, 543 U.S. 220 (2005), and to a determination of any and all facts and a resolution of the application of any and all Guidelines factors by the United States District Judge. Mr. Okorocha further agrees that the District Judge should make any sentencing determinations, including, but not limited to, Guidelines determinations, using the preponderance of the evidence standard.

7. Mr. Okorocha will be completely forthright and truthful regarding all inquiries made of him and will give signed, sworn statements and testimony, including but not limited to, appearances at grand jury, trial, sentencing and other proceedings. Mr. Okorocha will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia. Mr. Okorocha will also aid the United States in accessing all of his electronic devices that are in possession of the United States.

8. Nothing contained in any statement or any testimony or any information given by Defendant, pursuant to Paragraph 7, will be used against him as the basis for any subsequent prosecution. Defendant understands that the use immunity granted in this agreement does not cover any statements or admissions that he committed, or was directly involved in committing, a crime of violence. This means

[signature] 11/15/2024

Chukwuemeka Okorocha, Defendant — Date

[signature] 11/15/24

Barry P. Beck, Esq., Counsel for Defendant — Date

that such statements or admissions can be used against the Defendant in any state or federal prosecution. In this regard, Defendant admits that, prior to the proffer, pursuant to Miranda v. Arizona, 384 U.S. 436 (1996), he has been adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence is not covered by the use immunity under this agreement. It is further understood that any information obtained from Defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline 1B1.8, such information may not be used by the Court in determining Defendant's applicable guideline range.

This agreement does not prevent Defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by her pursuant to this agreement.

In addition, nothing contained in this agreement shall prevent the United States from prosecuting Defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of Paragraph 7 above.

9. At final disposition, the United States will advise the Court of Defendant's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate. In addition, the United States agrees to move to dismiss, at the sentencing hearing, all other remaining counts of the Indictment as they pertain to Defendant.

10. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, or Defendant's counsel as to what the final disposition in this matter should and will be. This agreement includes nonbinding recommendations by the United States, pursuant to Rule 11(c)(1)(B); however, Defendant understands that the Court is not bound by these sentence recommendations, and that Defendant has no right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

11. The United States will make the following nonbinding recommendations: 1) if Mr. Okorocha accepts responsibility, and if the probation office recommends a two-level reduction for "acceptance of responsibility," as provided by Guideline 3E1.1, the United States will concur in the recommendation; 2) should Mr. Okorocha give timely and complete information about his own involvement and provide timely notice of his intent to plead guilty, permitting the United States to avoid trial preparation, and comply with all the requirements of this Agreement, the United States will recommend, if applicable, an additional one-level reduction for this "timely acceptance" of responsibility. In order to be eligible for this timely acceptance of responsibility, **Mr. Okorocha must execute this Plea Agreement on or before 5:00 p.m., November 19, 2024**, and return or fax an executed copy to the United States by that day and time; and 3) the United States will recommend that any sentence of incarceration imposed should be at the lower end of the applicable Guideline range.

| | |
|---|---|
| Chukwuemeka Okorocha, Defendant | 11/15/2024<br>Date |
| Barry P. Beck, Esq., Counsel for Defendant | 11-15-24<br>Date |

12. If in the opinion of the United States, the Defendant either engages in conduct defined under the Applicable Notes of Guideline 3C1.1, fails to cooperate as promised, or violates any other provision of this plea agreement, then the United States will not be bound to make the foregoing recommendations, and the Defendant will not have the right to withdraw the plea.

13. Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A. Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

B. Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

C. To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in this paragraph, however, will act as a bar to Defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. Defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

This waiver of appellate rights is not intended to represent the Defendant's estimation of what an appropriate or reasonable sentence would or should be. Nor does this waiver of rights prevent Defendant from arguing for a sentence below the aforementioned adjusted advisory Guideline offense level at sentencing. The United States waives its right to appeal any sentence within the applicable advisory Guideline range. Both parties have the right during any appeal to argue in support of the sentence.

| | |
|---|---|
| [signature] | 11/15/2024 |
| Chukwuemeka Okorocha, Defendant | Date |
| [signature] | 11-15-24 |
| Barry P. Beck, Esq., Counsel for Defendant | Date |

14. The United States reserves the right to provide to the Court and the United States Probation Office, in connection with any presentence investigation that may be ordered pursuant to Rule 32(c) of the Federal Rules of Criminal Procedure, or in connection with the imposition of sentence should the Court, pursuant to Rule 32(c)(1), not order a presentence investigation, relevant information, including information regarding Defendant's background, criminal record, the offenses charged in the Indictment and other pertinent data appearing at Rule 32(c)(2) of the Federal Rules of Criminal Procedure, as will enable the Court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report to be prepared by the Probation Office of the Court, and to respond to any written or oral statements made by the Court, by Defendant or his counsel.

15. The defendant agrees that all monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. Furthermore, the defendant agrees to provide all requested financial information to the United States and the U.S. Probation Office and agrees to participate in a pre-sentencing debtor examination if requested by the U.S. Attorney's Office. The defendant also authorizes the Financial Litigation Unit in the U.S. Attorney's Office to access the defendant's credit report from any major credit reporting agency prior to sentencing to assess her financial condition for sentencing purposes. The defendant agrees to complete a financial statement, under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the U.S. Attorney's Office. The defendant further agrees that any schedule of payments imposed by the Court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to a period of incarceration, the defendant agrees to participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the Court does not specifically direct participation. In addition, the defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any job or employment, to be withheld from her wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205. The defendant hereby also waives any exceptions that may be applicable under the Consumer Credit Protection Act, 15 U.S.C. § 1673.

16. If Defendant's plea is not accepted by the Court or is later set aside or if he breaches any part of this Agreement, then the Office of the United States Attorney will have the right to withdraw any sentencing recommendations and/or to void this Agreement.

| | |
|---|---|
| [signature] | 11/15/2024 |
| Chukwuemeka Okorocha, Defendant | Date |
| [signature] | 11-15-24 |
| Barry P. Beck, Esq., Counsel for Defendant | Date |

17. The above sixteen (16) paragraphs constitute the entire agreement between Defendant and the United States of America in this matter. **There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.**

Very truly yours,

WILLIAM IHLENFELD
United States Attorney

By: Jarod J. Douglas
Assistant United States Attorney

As evidenced by my signature at the bottom of the seven (7) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

Chukwuemeka Okorocha, Defendant — Date: 11/15/2024

Barry P. Beck, Esq., Counsel for Defendant — Date: 11-15-24